TUCKER, Judge.
The objections offered by the counsel for the appellants to the testimony of Thomas Peterkin, the witness in this cause, to which an objection was offered at the trial as not being legal evidence, were three.
1. That no notice appears to have been given to the appellants of the time and place of taking the deposition.
It was matter of astonishment to me to hear the same gentleman, who made this objection upon the subtle distinction of the import of the words legal evidence, acknowledge that, in point of fact, there was due notice, and that it was now apparent by the record, as brought up by writ *of certiorari. Had the objection for this cause been intended, it ought to have been so stated in the bill of exceptions. It was not so stated, because not true. Consequently, the judges who signed the bill of exceptions would have rejected it, had it contained such an untruth. Not being stated, I will not regard the exception as going to the manner of taking the deposition, but to the substance of it; of which I shall speak hereafter.
This extraordinary objection produced a discussion to which I think it necessary to give an answer. The question is, What this court will consider as constituting the record of which it is to take notice in cases at common law?
I answer the writ, for the purpose of amending by, if necessary. The whole pleadings between the parties. Papers of which a profert is made, or oyer demanded. And such as have been specially submitted to the consideration of the court by a bill of exceptions, a demurrer to evidence, or a special verdict, or are inseparably connected with some paper or evidence so referred to. These, with the several proceedings at the rules, or in court, until the rendition of the judgment, constitute the record in common law suits, and are to be noticed by the court, and no others.
In this case, the deposition refers to the dedimus thereto annexed. This reference I deem unnecessary; because, if there was a commission, the deposition was inseparably connected with it, as was every paper that related to its execution. But it removes all grounds of doubt or cavil.
The substance of the deposition thus objected to as illegal evidence, is, that Peterkin received from the plaintiff two bills of exchange to collect, and endorsed to him for that purpose; and that he after-wards endorsed them to the defendants for the express and sole purpose of collection for the benefit of the plaintiff, and that he hath never received the amount of the bills. He further swears that he is not interested in the event of the suit, having been exonerated from all claims by Daniel Woods on behalf of the plaintiff, which exoneration is annexed to his deposition.
*On this the defendants found their second objection, viz:
2. That Peterkin was an incompetent witness, having been once answerable for the bills, and not exonerated in law.
It was urged that a witness, to be competent, must be wholly disinterested at the time of giving his testimony. If Peterkin was ever exonerated, it must have been before he gave his testimony ; for he refers to the instrument of exoneration annexed *1090 to his deposition. He must, therefore, have known of it at the time; and his evidence shews he believed it sufficient to exonerate him from any demand by the plaintiff. But it is said that Woods’s authority was posterior to the instrument of exoneration. How this appears, by the record, I do not see: And the plaintiff, by bringing in the deposition, with the exoneration annexed to it, confirms the release, and acknowledges the authority of Woods. The probate of Woods’s authority (if regularly a part of the record) substantiates his power from the date of the power, and not from the date of the probate only. As to the objection that the probate was before a notary public, the act of assembly expressly authorizes it. Virg. Laws 1794, ch. 91.
3. It is objected, that the commission was de bene esse, and that the proper proof was not produced. This, if true, ought to have been stated in the bill of exceptions; but, on the contrary, that states, that he was then a resident in the district of Columbia ; and consequently, not within the jurisdiction of the court.
4. It is objected, that the deposition does not support the count. The question, however, is not as to the sufficiency of the evidence, but as to its legality.
I am therefore of opinion, that the judgment ought to be affirmed.
CARRINGTON, Judge, and LYONS, President, concurred, saying that the point of competency was no longer a question, as the release had removed the objection, according to the case of Murray & Co. v. Carret & Co., 3 Call, 373.